IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-03098-BO

| | |
|---|---|
| GEORGE SEAMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JOSHUA BARNES and OFFICER ) | |
| NELLUMS, ) | |
| ) | |
| Defendants. ) | |

The matter now is before the court on defendants' unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 38) and motion to seal (DE 43). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motions.

## STATEMENT OF THE CASE

On April 3, 2023, George Seamon ("plaintiff"), a state inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, alleging defendants Joshua Barnes ("Barnes"), Officer Nellums ("Nellums"),[1] and John Doe used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged defendants Nurse Raven Barnes ("R. Barnes") and Monica Martin ("Martin") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff attached to his complaint

---

[1] Plaintiff initially identified this defendant as Officer Mullins and later clarified that the party he identified as Officer Mullins is Officer Nellums. See (DE 20).

several grievance-related documents, a written statement provided by fellow inmate Eric VorenKamp;[2] and a verified declaration from plaintiff.

On July 5, 2023, the court conducted its initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and allowed plaintiff to proceed with his excessive force claim against defendants Barnes and Nellums. The court, however, dismissed plaintiff's claims against defendants Nurse R. Barnes, Martin, and any John Doe defendant. The court, additionally, referred this action to North Carolina Prisoner Legal Services ("NCPLS") for review pursuant to the court's Standing Order 21-SO-11. NCPLS completed its review pursuant to Standing Order 21-SO-11, and entered a notice of non-representation. See (DE 11). On April 19, 2024, the court entered a scheduling order providing a discovery deadline of July 18, 2024, and a motions deadline of August 19, 2024. See (DE 27). The court subsequently extended the deadline to file dispositive motions until November 18, 2024. See (DE 37). The court also denied several motions requesting the appointment of counsel filed by plaintiff.

On November 18, 2024, defendants Barnes and Nellums filed a motion for summary judgment, arguing plaintiff cannot establish an Eighth Amendment violation. Defendants also filed a statement of material facts in support of their motion for summary judgment and an appendix, which included: a declaration from defendant Barnes; portions of plaintiff's medical records; the incident report and investigation documentation; a declaration from Amy Larosa;[3] and North Carolina Department of Adult Correction ("DAC") policies governing the use of force.

---

[2] Mr. VorenKamp's statement is not verified and does not state that he witnessed the alleged use of force incident. See ((DE 1-2), pp. 12-13).

[3] Amy Larosa is the medical records manager for the North Carolina Department of Adult Correction. See ((DE 40-3) ¶ 3).

2

Defendants also moved to seal the exhibit containing plaintiff's medical records. Although he was notified of defendants' motion, plaintiff did not respond.

## STATEMENT OF FACTS

On December 20, 2022, at approximately 10:00 a.m., plaintiff was housed at Maury Correctional Institution ("Maury"). ((DE 39) ¶ 2).[4] Plaintiff was escorted into his cell for a strip search by three officers. (Id. ¶ 3). The search was conducted because the officers suspected plaintiff of being under the influence. (Id. ¶ 4). Plaintiff claims that after the three officers entered his cell, he informed the officers that he had a knife inside of his boot and that he was going to take his boot off and hand the knife to them. (Id. ¶ 5). Plaintiff then reached down to get the knife from his boot. (Id. ¶ 6). Defendant Barnes saw plaintiff with a weapon in his hand and instructed plaintiff to drop the weapon, but plaintiff refused. (Id. ¶¶ 7, 8). Plaintiff next turned toward the three officers in plaintiff's cell and defendant Barnes tased plaintiff to prevent an assault. (Id. ¶ 9). Plaintiff subsequently fell on the mattress on his bed and correctional officers then placed him in restraints. ((DE 40-1), ¶¶ 11, 12).

In his complaint, plaintiff alleges that, following the tasing, he was handcuffed and forced to his knees at which point he was repeatedly struck in the head and ear. ((DE 39) ¶ 10). Defendant Barnes, however, stated in his verified declaration that no further force was used after plaintiff was placed in restraints. ((DE 40-1) ¶ 11). Immediately following the incident, plaintiff was seen by medical staff at which point he was cleared to be taken to restrictive housing. ((DE 39) ¶11). In

---

[4] A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam); see Fed. R. Civ. P. 56(e)(2). Plaintiff did not controvert defendants' statement of material facts. Accordingly, the court adopts defendants' uncontroverted statement of materials facts.

3

the days following the incident, plaintiff began to make complaints that he was having hearing issues from his left ear. (Id. ¶ 12). Plaintiff was seen on numerous occasions by medical staff. (Id. ¶ 13). Various CT scans and other hearing tests were performed on plaintiff and all were normal. (Id. ¶ 14).

## DISCUSSION

A.  Motion to Seal

Defendants filed a motion to seal their exhibit containing plaintiff's medical records. Local Rule 26.1(a)(1) of this court's Local Rules of Practice and Procedure require that medical records not be open to inspection or copying by any person except the parties and their attorneys. It further requires the filing of any such records to be accompanied by a motion to seal. Based upon the foregoing, defendants' motion to seal is GRANTED, and the Clerk of Court is DIRECTED to maintain (DE 42) under seal. See, e.g., Roberson v. Paul Smith, Inc., No. 5:07-CV-284-F, 5:08-CV-40-F, 2010 WL 2332282, at * 1 (E.D.N.C. June 9, 2010).

B.  Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party

4

for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

2. Analysis

Defendants raise the affirmative defense of qualified immunity against plaintiff's § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

"An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). Here, the court focuses its inquiry on the subjective prong of the Eighth Amendment test. "[A] prisoner must meet a heavy burden to satisfy the subjective component–that prison officials applied force maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain and restore discipline." Boone v. Stallings, 583 F. App'x 174, 176 (4th Cir. 2014) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (4th Cir. 1986)(internal quotations omitted)). For an excessive force claim, the relevant state of mind is "wantonness in the infliction of pain." Whitley, 475 U.S. at 322. In determining whether a prison official has acted with "wantonness," relevant factors include: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any

5

efforts made to temper the severity of a forceful response. Thomspon v. Virginia, 878 F.3d 89, 99 (4th Cir. 2017); Whitley, 475 U.S. at 321.

Applying the Whitley factors to the case at hand, the court begins with the first and third prongs–the need for the application of force and the threat reasonably perceived by defendants. The record reflects plaintiff had a knife on his person and removed the weapon from his sock when the defendants and another unidentified correctional officer entered plaintiff's cell. Plaintiff refused a direct order to drop the weapon. See ((DE 40-1) ¶ 7). Under these circumstances, some use of force was a necessary response as plaintiff's possession of a weapon in his cell posed a significant threat to the safety of both the corrections officers and the entire prison. Freeman v. Deas, No. 5:18-CT-03113-M, 2020 WL 5491690, at *3 (E.D.N.C. Aug. 26, 2020), aff'd, 2023 WL 8230805 (4th Cir. 2023); Geddings v. Roberts, No. 1:15CV264, 2018 WL 1626116, at *10 (M.D.N.C. Mar. 30, 2018) (citing United States v. Gore, 592 F.3d 489, 493 (4th Cir. 2010)). Thus, these factors weigh in favor of defendants.

The court next addresses the remaining Whitley factors–the relationship between the need and the amount of force used and defendants' efforts to temper the severity of a forceful response. The record reflects defendant Barnes used his taser on plaintiff in order to prevent an assault on staff. The fact that correctional staff took plaintiff for a medical assessment immediately following the incident further supports Barnes' claim that he deployed his taser only to prevent assault. See Iko v. Shreve, 535 F.3d 225, 240 (4th Cir. 2008) (analyzing officer's actions after applying force in considering fourth Whitley factor). Although plaintiff states defendants Barnes and Nellums used additional force, plaintiff presented no evidence in response to these defendants' motion for summary judgment to support a finding that defendant Barnes or Nellums used any force beyond

6

the single deployment of Barnes' taser in response to a perceived threat of assault. (DE 1-3).[5] Thus, the remaining Whitley factors also weigh in defendants' favor.

As stated, plaintiff has not met his burden of coming "forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586– 87; Celotex, 477 U.S. at 324; Hamstead v. Walker, No. 20-1650, 2022 WL 5133569, at *5 (4th Cir. 2022); Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("[T]he nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue." (citing Celotex, 477 U.S. at 323)). As noted above, plaintiff's declaration setting forth statements based upon his "knowledge and belief" does not meet the requirements of Rule 56(c) and standing alone cannot create a triable issue of fact. See Fed. R. Civ. P. 56(c); King v. Hooks, No. 5:17-CT-3043, 2021 WL 1435294, *8 (E.D.N.C. Mar. 29, 2021), aff'd, 2022 WL 355770 (4th Cir. 2022); Walker v. Tyler Cnty. Comm'n, 11 F. App'x 270, 274 (4th Cir. 2001) (per curiam); see also, Local Civ. R. 56.1. In any event, the statements plaintiff made in his pleading captioned "declaration" are conclusory and do not describe the personal involvement of Barnes or Nellums, aside from the uncontested fact that Barnes deployed his taser. See ((DE 1-3) ¶¶ 5, 8, 18); Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (4th Cir. 2006). Finally, plaintiff did not respond to defendants' motion

---

[5] Plaintiff attached to his complaint a document captioned "declaration" purported to be verified under 28 U.S.C. § 1746. (DE 1-3). Plaintiff, however, fails to state that the facts contained in the document are based on personal knowledge. Plaintiff, instead, verifes that the statements are true to the best of plaintiff's "knowledge and belief." See (id.). This document fails to mee the requirements of Federal Rule of Civil Procedure 56(c)(4), which requires that a declaration in opposition to a motion for summary judgment be "made on personal knowledge." Under Rule 56(c), "information and belief do not suffice." See Boyer v. Isler, No. PWG-20-1260, 2021 WL 3852292, at n. 1 (D. Md. Aug. 27, 2021) (citing Fed. R. Evid. 602)); see also, Cottom v. Town of Seven Devils, 30 F. App'x 230, 234 (4th Cir. 2002); Turner v. United States, No. 3:19-cr-221-FDW-DCK-1, 2022 WL 3205028, n.9 (W.D.N.C. Aug. 8, 2022), appeal dismissed 2022 WL 17819311 (4th Cir. 2022).

7

for summary judgment. Based upon the foregoing, plaintiff cannot establish an Eighth Amendment violation, and defendants are entitled to qualified immunity for this claim.

## CONCLUSION

In summary, defendants' motion to seal (DE 43) is GRANTED and the Clerk of Court is DIRECTED to maintain (DE 42) under seal. Defendants' motion for summary judgment (DE 38) also is GRANTED. The Clerk also is DIRECTED to close this case.

SO ORDERED, this the 14 day of May, 2025

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

8